**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1868**

ABRAHAM BERHANU TADDESSE,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 2, 2009      Decided: October 9, 2009

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Alan M. Parra, LAW OFFICES OF ALAN M. PARRA, Silver Spring, Maryland, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Gregory M. Kelch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abraham Berhanu Taddesse, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the Immigration Judge's denial of his applications for relief from removal.

Taddesse first challenges the finding below that he failed to prove that his asylum application was timely filed, and that no exceptions applied to excuse the untimeliness. We do not have jurisdiction to review this determination. See 8 U.S.C. § 1158(a)(3) (2006); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). We therefore dismiss the petition for review in part with respect to this claim.

Next, Taddesse disputes the finding that he failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Taddesse fails to show that the evidence compels a contrary result. Having failed to qualify for asylum, Taddesse cannot meet the more stringent standard for withholding of removal. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Finally, we uphold

2

the finding below that Taddesse failed to demonstrate that it is more likely than not that he would be tortured if removed to Ethiopia.  8 C.F.R. § 1208.16(c)(2) (2009).

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART<br>AND DENIED IN PART</u>

3